# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JACOB GRAVES, a/k/a Jacob German,<br><br>      Defendant. | Case No. CR-23-156-RAW |

## <u>ORDER</u>

Before the court is the Defendant's opposed motion to dismiss Count One of the two-count Indictment for failure to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v)[1] [Docket No. 21] and the Government's response thereto [Docket No. 23]. The Defendant is charged in Count One with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

The Defendant argues that § 922(g)(1) is facially unconstitutional, as it violates the Second Amendment to the United States Constitution under the framework outlined in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[2] The Defendant's argument has

---

[1] As the Government notes, the Defendant does not dispute that the Indictment satisfies the requirements of Federal Rule of Criminal Procedure 7(c) or that it tracks the language of the statute, includes all the elements of the offense, puts him on notice of the charges against which he must defend, and enables him to assert a double jeopardy defense. *See United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011); *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

[2] In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. *Bruen* struck down New York's proper-cause cause requirement for obtaining a firearm because "it prevents law-abiding citizens with ordinary self-defense needs from exercising their

been rejected by the United States Court of Appeals for the Tenth Circuit in *Vincent v. Garland*,

80 F.4ᵗʰ 1197 (10th Cir. 2023).  In *Vincent*, the Tenth Circuit found that "*Bruen* did not

indisputably and pellucidly abrogate our precedential opinion in *McCane*."  *Id*. at 1202 (citing

*United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)).  "*McCane* squarely upheld the

constitutionality of the ban on felons' possession of firearms."  *Id*. (citations omitted).

Moreover, "[under] *McCane*, we have no basis to draw constitutional distinctions based on the

type of felony involved."  *Id*. (citations omitted).

The Defendant's motion to dismiss Count One of the Indictment [Docket No. 21] is

hereby DENIED.

**IT IS SO ORDERED** this 30ᵗʰ day of November, 2023.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

right to keep and bear arms."  *Id*. at 2156.  In reaching this conclusion, the Supreme Court
directed that:

> the standard for applying the Second Amendment is as follows: When the Second
> Amendment's plain text covers an individual's conduct, the Constitution
> presumptively protects that conduct. The government must then justify its
> regulation by demonstrating that it is consistent with the Nation's historical
> tradition of firearm regulation.

*Id*. at 2129-30.